Lockwood, Jr., Appellant, v. Lockwood.

Argued November 19, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Cipriano Andrade, Jr.,* and with him *Granville L. Rettew,* for appellant.

*Paul Reilly,* and with him *George B. Johnson,* for appellee.

OPINION BY KELLER, J., December 13, 1928:

A careful consideration of the evidence in this case leads us all to the conclusion that the appellant was not entitled to a divorce.

We agree with the Master and the court below that the evidence failed to establish a wilful and malicious desertion by the wife of her husband. She left him in October, 1923, with his consent, because their home, after the fire, was unfit for her to live in.

But even if there was a desertion on her part in April, 1924, it did not become complete, so as to

justify a decree in divorce, until two years after that date. It must be persisted in for that length of time before there is sufficient cause to grant a divorce for desertion.

No one can read the respondent's letters to her husband of December 31, 1924, and January 20, 1925, without being satisfied of their good faith and of her desire for a reconciliation and re-establishment of their family life. Such an offer made in good faith within the two year period relieves her of further responsibility for their continued living apart, and stops the running of her desertion against her; for if the offer is accepted and the family life is resumed, the desertion is ended; if, as in this case, it is not accepted and the husband refuses to provide a home and receive her back again, the separation thereafter is due to his act, no less than hers, and he cannot base an action of divorce upon it. Desertion is not like adultery in its effects on the marriage relation. The innocent spouse cannot be required to forgive or take back an adulterous mate. But a deserted spouse is required to take back a deserting mate, if in good faith the latter returns within two years of the desertion and seeks to re-establish the family relation; to the extent, at least, that if he refuses to do so, he cannot found an action of divorce on the subsequent separation.

The decree is affirmed at the costs of the appellant.